WALRATH v. KLOCK (two cases).

(Supreme Court, Appellate Division, Third Department. November 16, 1897.)

1. APPEAL—NOTICE.
   A notice of appeal from a judgment can be amended in the county court.
2. SAME—BOND—AMENDMENT.
   An amendment to an undertaking on appeal from a judgment, inserting in the undertaking a certain sum as the amount for which the sureties may be held liable, has no force against the sureties, and is unauthorized.
3. SAME—FILING NEW BOND.
   Under Code, § 3049, the county court can allow defendant on appeal to give a new and sufficient undertaking in place of an insufficient one.

Appeal from Montgomery county court.

Action by William A. Walrath against Amos Klock. From an order denying plaintiff's motion to dismiss an appeal from a judgment rendered before a justice, and from an order allowing defendant to amend the notice of appeal and the undertaking given to perfect the same, plaintiff appeals. Modified.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

H. M. Eldredge, for appellant.
Edward R. Hall, for respondent.

PER CURIAM. We are of the opinion that the notices of appeal served in this action could properly be amended in the manner directed by the county court. But the amendment, which inserts in the undertaking the sum of $417 as the amount for which the surety may be held liable, is evidently unauthorized. Such an order can have no force as against the surety, and the undertaking, when so amended, is not the contract of the surety. Therefore no such undertaking as the statute requires to make the appeal effectual has as yet been filed. See section 3069 and section 3050 of the Code of Civil Procedure. But, under the provisions of section 3049, the county court had authority to allow the defendant to give a new and sufficient undertaking; and when the notices of appeal were so amended, and such new undertaking should be given, the appeal would be complete. The evident purpose of the county court was to allow such amendments as would perfect the appeal; and it was a case wherein it had the power to do so, had it adopted the correct method as to supplying the defect caused by the insufficient undertaking. We conclude, therefore, to modify the orders appealed from as follows:

The order as to the amendment is affirmed so far as it provides for the amendment of the notices of appeal, and modified as to the provision for amending the undertaking by striking out the same, and providing in lieu thereof that the defendant be allowed to give a new undertaking in the manner and form required by law, within 20 days after service of a copy of this order, and upon payment of $10 costs of motion in the court below, and $10 and disbursements as costs of this appeal.

As to the order denying the motion to dismiss the appeal, the same is reversed, and the motion in the court below granted, unless, within the time therein provided, the undertaking allowed by the order made by this court in the appeal from the order allowing the amendment be given by the defendant. In the event that such an undertaking is so given, then the order appealed from is affirmed. No costs are allowed to either party upon this appeal.